## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Lalla Meryem Amrani<br>239 S. 57th St.<br>Philadelphia, PA 19139<br>       and<br>Razia Daniels<br>249 S. 62nd St.<br>Philadelphia, PA 19139<br>       and<br>Wazir El<br>249 S. 62nd St.<br>Philadelphia, PA 19139<br>       and<br>Janice J. Johnson<br>5311 W. Berks St.<br>Philadelphia, PA 19131<br>       and<br>Ashley Williams<br>922 N. 65th St.<br>Philadelphia, PA 19151,<br>       Plaintiffs,<br>v.<br>CITY OF PHILADELPHIA (Register of Wills)<br>1515 Arch St.<br>Philadelphia, PA 19102;<br>       and<br>JOHN P. SABATINA, *Register of Wills*<br>1515 Arch St.<br>Philadelphia, PA 19102,<br>       Defendants. | C.A. No.: 2:24-cv-04718<br><br>***TRIAL BY JURY DEMANDED*** |

## **COMPLAINT**

Plaintiffs, Lalla Meryem Amrani; Razia Daniels; Wazir El; Janice J. Johnson; and Ashley Williams, by and through their undersigned attorneys, file the within Complaint WITH DEMAND FOR TRIAL BY JURY and aver as follows:

## I. INTRODUCTION

1. Plaintiffs were all employees of the Register of Wills for Defendant, City of Philadelphia. After the current Register of Wills, Defendant John P. Sabatina, took office in January 2024, he immediately terminated Plaintiffs. Plaintiffs were among 19 Register of Wills employees of color who were fired and replaced with White employees.

2. This is a violation of Plaintiffs' rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"); the Pennsylvania Human Relations Act, 43 Pa.C.S.§951 (the "PHRA"); and the Philadelphia Fair Practices Ordinance ("PFPO"), Philadelphia Code, Ch. 9-1100. Plaintiffs have all timely filed charges with the United States Equal Opportunity Employment Commission (the "EEOC"), cross-filed with the Pennsylvania Human Relations Commission (the "PHRC") and the Philadelphia Commission on Human Relations (the "PCHR"). Plaintiffs timely file suit after the EEOC issued Notice of Right to Sue on July 22, 2024.

3. In addition, or in the alternative, the conduct of Defendants is a violation of Plaintiffs' First Amendment Rights, enforceable in this Court pursuant to 42 U.S.C. § 1983 ("1983"). Plaintiffs were all terminated because they supported Defendant Sabatina's political opponent in the 2023 election for Register of Wills; or in the alternative, declined to support Sabatina's campaign. Sabatina replaced all employees with his political supporters. This "Tammany Hall" style use of political office is unlawful and caused Plaintiffs substantial harm. As the Supreme Court has held *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 64 (1990):

> To the victor belong only those spoils that may be constitutionally obtained. *Elrod v. Burns,* 427 U.S. 347, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976), and *Branti v. Finkel,* 445 U.S. 507, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980), decided that the First Amendment forbids government officials to discharge or threaten to discharge public employees solely for not being supporters of the political party in power, unless party affiliation is an appropriate requirement for the position involved.

4. Party affiliation is not relevant to any Plaintiff's position.

## II.    PARTIES, JURISDICTION, VENUE

5.    Plaintiff/Employee, Lalla Meryem Amrani, is an adult individual, domiciled at the above-referenced address. Her race is Arab and her national origin is Moroccan. She was hired on November 2, 2020 at the Register of Wills and terminated from that employment, effective January 9, 2024.

6.    Plaintiff/Employee, Razia Daniels, is an adult individual, domiciled at the above-referenced address. Her race is Black. She was hired on January 23, 2023 at the Register of Wills and terminated from that employment, effective January 9, 2024

7.    Plaintiff/Employee, Wazir El, is an adult individual, domiciled at the above-referenced address. His race is Black. He was hired on May 30, 2023 at the Register of Wills and terminated from that employment, effective January 9, 2024.

8.    Plaintiff/Employee, Janice J. Johnson, is an adult individual, domiciled at the above-referenced address. Her race is Black. She was hired on February 14, 2022 at the Register of Wills and terminated from that employment, effective January 9, 2024.

9.    Plaintiff/Employee, Ashley Williams, is an adult individual, domiciled at the above-referenced address. Her race is Black. She was hired on July 1, 2020 at the Register of Wills and terminated from that employment, effective January 9, 2024.

10.    Defendant/Employer, City of Philadelphia, is the legal entity subject to jurisdiction of this Court. The Office of the Register of Wills is the department in the City of Philadelphia relevant to the Complaint.

11.    Defendant/Employer John P. Sabatina is the current officeholder of Register of Wills. He is sued in his official capacity.

12.    This Court has original federal question jurisdiction over Plaintiffs' claims under Title VII and § 1983.

13. This Court has supplemental jurisdiction over the claims brought under the PHRA and the PFPO.

14. Plaintiffs all filed Charges of Discrimination, cross-filed with the PHRC and PHCR, within 180 days of the acts, pattern and practices giving rise to the Charge and pled in detail herein.

15. Venue is appropriate in the this Court because the transactions and occurrence which give rise to this suit all occurred in Philadelphia, Pennsylvania.

16. At all relevant times, Defendant is an "employer" as defined in and/or within the meaning of all relevant statutes, including Title VII, PHRA, and PFPO.

17. At all relevant times, Plaintiff was an eligible employee as defined in and/or within the meaning of all relevant statutes, including Title VII, PHRA, and PFPO.

## II.   FACTUAL ALLEGATIONS

18. On January 2, 2024, Defendant Sabatina assumed office of the Register of Wills.

19. Among his first acts on the job was to terminate 19 Register of Wills employees, including Plaintiffs.

20. Every Register of Wills employee terminated by Sabatina is Black or of Color or of non-American national origin, including all five Plaintiffs.

21. Each Plaintiff was and remains qualified to hold their positions.

22. Race was a motivating factor in Defendants' decision.

23. Each Plaintiff supported Defendant Sabatina's political opponent and/or declined to support Defendant Sabatina's campaign for the office of Register of Wills in 2023.

24. As a direct and proximate result of Defendants' misconduct, each Plaintiff has suffered injury. They have all lost good paying, steady jobs that are difficult to replace. They have all sought alternative work, and they all continue to suffer economic hardship; each Plaintiff has made diligent efforts to mitigate their damages and no Plaintiff has found replacement work at or better than the

4

pay and benefits they earned. Each Plaintiff suffers from humiliation, embarrassment, emotional distress and physical symptoms of that distress.

25. As a direct and proximate result of Defendants' conduct, Plaintiff suffered severe injuries, which include but are not limited to:

      a) Lost wages;
      b) Lost back pay;
      c) Lost future wages;
      d) Lost benefits;
      e) Embarrassment and humiliation;
      f) severe emotional distress; and
      g) other damages as described in further detail in this pleading and as will become evident through the course of discovery.

26. Defendants are liable to Plaintiff for reasonable attorney's fees and costs incurred.

**COUNT I**    **RACE/COLOR/NATIONAL ORIGIN DISCRIMINATION**

27. Repeats and realleges paragraphs 1-26 as if set forth at length herein.

28. Defendants' conduct, jointly and severally, constitutes race discrimination in violation of Title VII; the PHRA; and the PFPO.

29. Each Plaintiff is a member of a protected class.

30. Each Plaintiff is and was, at all times material, qualified for the position they lost.

31. Defendant took adverse employment action against each Plaintiff.

32. Defendant changed the terms and conditions of employment against Plaintiff because of each Plaintiff's race and/or color and/or national origin.

33. As a result of Defendant's discriminatory conduct, each Plaintiff suffered adverse employment action, to wit, termination, as set forth above and incorporated herein by reference.

34. As a direct and proximate result of Defendant's conduct, each Plaintiff has suffered injuries, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiffs, Lalla Meryem Amrani; Razia Daniels; Wazir El; Janice J. Johnson; and Ashley Williams, seek judgment against Defendants for all equitable and monetary relief as may be awarded, including but not limited to: compensatory damages; liquidated damages; reasonable attorney's fees and costs; and all such other damages and relief available under the applicable laws.

**COUNT II    FIRST AMENDMENT RETALIATION**

35. Repeats and realleges paragraphs 1-34 as if set forth at length herein.

36. At all relevant times, Plaintiffs were public employees.

37. Each Plaintiff has First Amendment rights of free speech; to support and associate with political candidates of their choice; and to not support or associate with any political party or candidate.

38. Plaintiffs exercised their First Amendment rights by supporting the political opponent of Defendant Sabatina in the 2023 election for the office of Register of Wills and/or by declining to support Defendant Sabatina.

39. In addition to, or in the alternative to, the impermissible use of race/color/national origin (as pled above), Plaintiffs' political affiliation (or absence of political affiliation) was the only reason why Defendants terminated Plaintiffs.

40. Defendants' actions were taken under color of state law and Sabatina acted within the scope of his authority as the Register of Wills for the City of Philadelphia.

41. As a direct and proximate result of Defendants' unlawful actions, Plaintiffs suffered harm, as set forth above and incorporated herein by reference.

WHEREFORE, Plaintiffs, Lalla Meryem Amrani; Razia Daniels; Wazir El; Janice J. Johnson; and Ashley Williams, seek judgment against Defendants for all equitable and monetary relief as may be awarded, including but not limited to: compensatory damages; liquidated damages; reasonable attorney's fees and costs; and all such other damages and relief available under the applicable laws.

*TRIAL BY JURY DEMANDED*

                                                Respectfully submitted,

                                                CREECH & CREECH, LLC

                                                */s/ Timothy P. Creech*
                                                TIMOTHY P. CREECH
                                                1835 Market St., Suite 2710
                                                Philadelphia, PA 19103
                                                (215) 575-7618; Fax: (215) 575-7688
                                                Timothy@CreechandCreech.com

DATED:       September 6, 2024