IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LALLA MERYEM AMRANI, et al. | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | No. 2:24-cv-04718-KBH |
| CITY OF PHILADELPHIA (REGISTER OF WILLS), et al. | : | |
| Defendants. | : | |

**DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**

Defendants the City of Philadelphia (Register of Wills) and John P. Sabatina, Register of Wills, by and through their undersigned counsel, hereby answer the Complaint of Plaintiffs, Lalla Meryem Amrani, Razia Daniels, Wazir El, Janice J. Johnson, and Ashley Williams ("Plaintiffs"), and assert their Affirmative Defenses as follows:

**I.   INTRODUCTION**

1. Admitted in part; denied in part. It is admitted that Plaintiffs were employed by the Register of Wills for the City of Philadelphia. And it is admitted that John P. Sabatina took office as the Register of Wills for the City of Philadelphia in January 2024 and shortly thereafter terminated the employment of Plaintiffs. Defendants deny that Plaintiffs were among a group of nineteen such employees that were all replaced by white employees. By way of further answer, Plaintiffs' positions were not all filled by white individuals.

2. Denied. This paragraph consists purely of conclusions of law and the allegations therein are denied on that basis. The allegations of racial discrimination are denied in that they are meritless as well.

3. Denied. This paragraph consists of conclusions of law and the allegations therein are denied on that basis. The allegations of retaliation are denied in that they are meritless as well.

4. Admitted in part; denied in part. The allegations are admitted, as to all Plaintiffs save for El, that party affiliation is not a requirement for the positions at issue. The allegation, as concerns, El, is denied. El served as the Chief Deputy (i.e., Chief of Staff) of the Register of Wills, a policymaking role, and, as such, party/political affiliation is relevant to such position.

## II. PARTIES, JURISDICTION, VENUE

5. Admitted in part; denied in part. All allegations are admitted save for the allegation concerning Amrani's race, which is denied because, after reasonable investigation, Defendants are without sufficient knowledge or information to determine the truth or falsity of that allegation.

6. Admitted.

7. Admitted in part; denied in part. All allegations are admitted save for the allegation concerning El's termination date, which is denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Denied. The allegations in this paragraph are conclusions of law, and they are denied as such.

13. Denied. The allegations in this paragraph are conclusions of law, and they are denied as such.

14. Admitted in part; denied in part. It is admitted that Plaintiffs filed the administrative complaint which was dated within 180 days of their respective terminations. Defendants, however,

deny that they engaged in any such illegal activity alleged in the EEOC complaint or complaint filed in this Court.

15. Denied. The allegations in this paragraph are conclusions of law, and they are denied as such.

16. Denied. The allegations in this paragraph are conclusions of law, and they are denied as such.

17. Denied. The allegations in this paragraph are conclusions of law, and they are denied as such.

## II.  FACTUAL ALLEGATIONS

18. Admitted.

19. Admitted in part; denied in part. It is admitted only that Plaintiffs were among those employees whose jobs were terminated in January 2024. All other allegations are denied.

20. Admitted in part; denied in part. While Defendants admit that each of the Plaintiffs here is non-white (save for the allegation concerning Amrani's race as her race is, after reasonable investigation, unknown to Defendants), not all the individuals that were terminated were black, of color, and/or of non-American national origin.

21. Denied.

22. Denied. Race was not a motivating (or any other factor) in the decisions to terminate the Plaintiffs.

23. Denied. Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations.

24. Denied. Defendants specifically deny that they caused Plaintiffs any of the alleged damages. Defendants are, after reasonable investigation, without sufficient knowledge or

information to determine the truth or falsity of the allegations concerning the alleged damages and any alleged attempts to mitigate those damages.

25. Denied (including denials as to the allegations of each sub-paragraph). Defendants specifically deny that they caused Plaintiffs any such damages. The allegations are denied in that they are legal conclusions as well.

26. Denied. This allegation is a conclusion of law and is denied on this basis. Defendants further deny, on the merits, any such liability. The allegations are denied in that they are legal conclusions as well.

**COUNT I RACE/COLOR/NATIONAL ORIGIN DISCRIMINATION**

27. Defendants reallege and incorporate by reference their responses set out above.

28. Denied. The allegation in this paragraph is a conclusion of law and is denied on this basis. Defendants further deny the allegation as substantively meritless.

29. Admitted.

30. Denied.

31. Admitted in part; denied in part. It is admitted only that Plaintiffs were terminated from employment with the Register of Wills in January 2024. All other allegations are denied as meritless and because they are legal conclusions.

32. Denied.

33. Denied. The allegations in this paragraph are conclusions of law and are denied on this basis. Defendants further deny the allegations as substantively meritless.

34. Denied. The allegations in this paragraph are conclusions of law and are denied on this basis. Defendants further deny the allegations as substantively meritless.

WHEREFORE, Defendants request judgment in their favor and against Plaintiffs along with such equitable and monetary relief as the court deems just and appropriate, including an award of attorneys' fees and costs.

**COUNT II FIRST AMENDMENT RETALIATION**

35. Defendants reallege and incorporate by reference their responses set out above.

36. Admitted to the extent that "at all relevant times" means during the periods of Plaintiffs' respective employments with the City of Philadelphia.

37. Denied.  The allegations in this paragraph are conclusions of law and are denied on that basis.

38. Denied.  The allegations are denied in that Defendants are, after reasonable investigation, without sufficient knowledge or information to determine the truth or falsity of the allegations.

39. Denied.

40. Admitted in part; denied in part.  It is admitted only that the decisions to terminate Plaintiffs were made in such a governmental capacity. All other allegations are denied.

41. Denied.  The allegations in this paragraph are conclusions of law and are denied on this basis.  Defendants further deny the allegations as substantively meritless.

WHEREFORE, Defendants request judgment in their favor and against Plaintiffs along with such equitable and monetary relief as the court deems just and appropriate, including an award of attorneys' fees and costs.

## GENERAL DENIAL

Defendants deny each and every allegation in Plaintiffs' Complaint not specifically admitted.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses. Defendants reserve the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during discovery.

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

### Third Affirmative Defense

Plaintiffs waived any and all alleged rights to the relief sought in the Complaint.

### Fourth Affirmative Defense

Defendants acted at all times in good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

### Fifth Affirmative Defense

Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory and/or retaliatory conduct in the workplace.

### Sixth Affirmative Defense

Plaintiffs' retaliation claims are barred by the doctrine of qualified immunity.

**Seventh Affirmative Defense**

Plaintiffs' damages are reduced in whole or in part under the doctrine of after acquired evidence.

**Eighth Affirmative Defense**

Plaintiffs' damages may be barred by the doctrines of laches, waiver, estoppel, and unclean hands.

**Ninth Affirmative Defense**

Plaintiffs are not entitled to recover some or all of the damages alleged, including attorneys' fees.

**Tenth Affirmative Defense**

Any alleged damages or losses, if any, were caused in whole or in part by Plaintiffs' own acts, omissions, or conduct.

**Eleventh Affirmative Defense**

Plaintiffs failed, in whole or in part, to mitigate her damages.

**Twelfth Affirmative Defense**

Defendants acted at all relevant times hereto with good faith and without any malicious intent and with reasonable justification for believing its actions were lawful.

**Thirteenth Affirmative Defense**

Plaintiffs' claims for punitive damages (if any) are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages as they do not evidence willful, wanton, malicious, or reckless actions by Defendants.

### Fourteenth Affirmative Defense

There is no factual or legal basis for the imposition of compensatory relief.

### Fifteenth Affirmative Defense

There is no factual or legal basis for the imposition of punitive damages.

### Sixteenth Affirmative Defense

Defendants would have taken the same action(s) regardless of Plaintiffs' purportedly protected activity or status.

### Seventeenth Affirmative Defense

Any claims made herein for compensatory and punitive damages are barred and/or limited and subject to Title VII, the PHRA, PFPO, and/or constitutional limits.

**WHEREFORE**, Defendants request that the Court enter judgment in their favor and against Plaintiff, including denying all claims for equitable relief, and dismissing all claims with prejudice, and awarding the Defendants their attorneys' fees, costs, and any other relief the Court deems just and proper.

**PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, LLP**

By: */s/ Michael A. Morse*
    Gaetan J. Alfano, Esq.
    P.A. ID No. 32971
    Michael A. Morse, Esquire
    P.A. ID No. 80507
    Alexander M. Owens
    P.A. ID No. 319400
    1818 Market Street, Suite 3402
    Philadelphia, PA 19103
    *gja@pietragallo.com*
    *mam@pietragallo.com*
    *amo@pietragallo.com*
    (215) 988-1427 (Telephone)
    (215) 981-0082 (Fax)

    *Attorneys for Defendants*
    *City of Philadelphia (Register of Wills) and*
    *John P. Sabatina*

Dated: December 2, 2024

## CERTIFICATE OF SERVICE

I, Michael A. Morse, hereby certify that on December 2, 2024, I caused a true and correct copy of Defendants' Answer to Plaintiffs' Complaint to be served on all counsel of record via the Court's ECF system.

/s/ Michael A. Morse
Michael A. Morse, Esquire

Date: December 2, 2024